# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED MCMILLEN,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:22-cv-00925-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY THE FILING FEE<br><br>(ECF No. 4)<br><br>**FOURTEEN DAY DEADLINE** |

Plaintiff Fred McMillen ("Plaintiff") filed a complaint on July 26, 2022, challenging a final decision of the Commissioner of Social Security denying his application for disability benefits. (ECF No. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (ECF No. 2.) On July 27, 2022, the Court denied Plaintiff's application and ordered Plaintiff to either file a long form application to proceed IFP or pay the filing fee. (ECF No. 3.) On August 3, 2022, Plaintiff filed a long form application to proceed IFP, which is presently before the Court. (ECF No. 4.)

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28

1

U.S.C. § 1915(a)(1).  The right to proceed without prepayment of fees in a civil case is a privilege and not a right.  Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process").  A plaintiff need not be absolutely destitute to proceed IFP, but his poverty must prevent him from paying the filing fee and providing himself and his dependents (if any) with the necessities of life.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948).

In assessing whether a certain income level meets the poverty threshold under §1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services.  See, e.g., Boulas v. U.S. Postal Serv., No. 1:18-cv-01163-LJO-BAM, 2018 WL 6615075, at *1 n.1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to deny IFP application); Garcia de Carrillo v. Comm'r of Soc. Sec., No. 1:22-cv-00428-SAB, 2022 WL 2134703, at *1 (E.D. Cal. May 11, 2022) (same, on findings and recommendations), report and recommendation vacated, No. 1:22-cv-00428-DAD-SAB, ECF No. 7 (E.D. Cal. Jun. 24, 2022) (findings and recommendations vacated following plaintiff's payment of filing fee); see also Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (collecting cases).  Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion.  Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015); see also U.S. v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (the court has discretion to make a factual inquiry into a plaintiff's financial status and deny an IFP application if he is unable or unwilling to verify his poverty).  Further, "[t]he Court is entitled to consider the economic priority Plaintiff placed on the use of his money, received from any source."  Evans v. Sherman, No. 1:19-cv-00760-LJO-JLT (PC), 2019 WL 5377040, at *2 (E.D. Cal. Aug. 21, 2019) (citing Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995)); see also Kurz v. Zahn, No. 1:11-cv-00342-EJL-MHW, 2012 WL 4458128, at *2 (D. Idaho Apr. 13, 2012) ("Nor can all the items included on her list of monthly obligations, even generously construed, be considered as the 'necessaries of life.' ").

Plaintiff indicates he has no employment history for the past two years; it is unclear whether Plaintiff has ever worked. (See ECF No. 4 at 1–2.) His spouse earns a monthly gross salary of $4,078 (*i.e.*, $48,936 annual gross). (Id.) The Court may consider Plaintiff's spouse's financial resources in determining whether he is entitled to IFP status. See Escobedo, 787 F.3d at 1236. Plaintiff and his spouse do not have any dependents. (Id. at 3.) It appears all household expenses for Plaintiff and his spouse are provided in the expenses section of the long form application. (Id. at 4–5.) Regardless, Plaintiff's annual household income remains significantly greater than the 2022 federal poverty guideline for a household of two persons ($18,310). See 2022 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited Aug. 4, 2022).

Furthermore, the Court notes Plaintiff's monthly household income exceeds his monthly household expenses by over $1,900 per month, Plaintiff currently holds $200 in a checking account, and Plaintiff indicates he and his spouse currently own two cars — a 2000 Chevrolet Silverado worth $3,000 and a 2008 Saturn worth $1,500. (ECF No. 2 at 1–3). Meanwhile, the Court notes that, among Plaintiff's reported expenses are monthly utilities (electricity, heating fuel, water, sewer, and telephone) of $411, which nearly equals the monthly rent expense of $500. (See id. at 4.) Courts in this district have denied applications to proceed IFP, even where the budget "appear[s] tight," if the itemized monthly expenses reflect at least some extent of discretionary spending beyond strict necessity. See, e.g., Salmeron v. Saul, No. 1:21-cv-00413-BAM, 2021 WL 2302724, at *1 (E.D. Cal. May 11, 2021) (recommending denial of application where household income nearly doubled poverty guidelines and expenses reportedly greater than income were "inconsistent"); Badillo v. Comm'r of Soc. Sec., No. 1:20-cv-00393-SAB, 2020 WL 2494575, at *2 (E.D. Cal. May 14, 2020) (recommending denial of application where internal inconsistencies of reported income and expenses—including $1,500 per month for two cars and $1,000 per month for food in household of two—did not suggest plaintiff was living in poverty); Kaur v. Comm'r of Soc. Sec., No. 1:22-cv-00367-SAB, 2022 WL 1023975, at *2 (E.D. Cal. Apr. 1, 2022) (same, where assets included a home worth $345,000 and three cars and expenses included car payments and insurance exceeding $1,100), report and recommendation vacated, No. 1:22-cv-00367-DAD-SAB, 2022 WL 1018276 (E.D. Cal. Apr. 5, 2022) (findings

and recommendations vacated following plaintiff's payment of filing fee); Jones v. Comm'r of Soc. Sec., No. 1:19-cv-01049-SAB, 2019 WL 11234222, at *2 (E.D. Cal. Aug. 15, 2019) (recommending denial of application where household income nearly doubled poverty guidelines), report and recommendation adopted, No. 1:19-cv-01049-DAD-SAB, 2019 WL 11234224 (E.D. Cal. Oct. 23, 2019).

At bottom, Plaintiff's assets, as well as his purported household expenses, do not suggest that Plaintiff is living in poverty. These facts, in addition to the more than $30,000 gap between Plaintiff's household income and the federal poverty line for a household of two and the fact that Plaintiff's monthly income exceeds his household expenses by over $1,900 per month, suggest an ability to pay the $402 filing fee without sacrificing the necessities of daily life.

> To be sure, the court is sympathetic to the fact that plaintiff does not have a "large" income, and also has several expenses to contend with. However, numerous litigants in this court have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court. Such difficulties in themselves do not amount to indigency.[1]

Core v. Cal. Controllers Off., No. 2:18-cv-0155-MCE-KJN PS, 2018 WL 1569416, at *1 (E.D. Cal. Mar. 30, 2018) (denying IFP); see also Shoaga v. Nelson, No. 2:21-cv-1953-JAM-CKD, 2021 WL 5566747, at *1 (E.D. Cal. Nov. 29, 2021), report and recommendation adopted, 2021 WL 6052196 (E.D. Cal. Dec. 21, 2021) (same).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to a District Judge.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis* be DENIED (ECF No. 4); and
2. Plaintiff be ordered to pay the $402.00 filing fee in full in order to proceed with this action.

These findings and recommendations are submitted to the district judge assigned to this

---

[1] This Court respectfully adds quotation marks to the characterization of the Shoaga and Core plaintiffs' incomes as "not large," where Shoaga's total net annual income was nearly five times the poverty guideline and Core's annual income was over three and a half times the poverty guideline.

action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of issuance of this recommendation, Plaintiff may file written objections to the findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Alternatively, Plaintiff may elect to pay the required filing fee.

The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 4, 2022**

UNITED STATES MAGISTRATE JUDGE